KOVACEVIC v. REID.

AUTOMOBILES—PERSONAL INJURIES—NEGLIGENCE—INSTINCTIVE ACTIONS—INSTRUCTIONS—APPEAL AND ERROR.

In an action to recover damages for personal injuries received in an automobile collision, where defendant's testimony showed that he was driving his car at an excessive rate of speed at the intersection of two streets, and, had he looked when he first reached the cross street, he could have seen another car which was approaching on the cross street at a high rate of speed in time to have

stopped his own car before reaching the other car, but he failed to so look, and, when he later observed the other car, and in order to avoid it, turned suddenly and struck and injured plaintiff, *held*, that defendant, having placed himself in a place of danger where he was obliged to act without care as to third persons, was not entitled to an instruction on the doctrine of instinctive action.

Error to Wayne; Davis, J., presiding. Submitted January 3, 1917. (Docket No. 18.) Decided May 31, 1917.

Case by Helen Kovacevic against William Reid and Anthony Rzadkowoloski for personal injuries. A verdict was directed in favor of defendant Rzadkowoloski. Judgment for plaintiff against defendant Reid, who brings error. Affirmed.

*Keena, Lightner, Oxtoby & Hanley*, for appellant.

*Clarence P. Milligan*, for appellee.

BIRD, J. On the evening of May 17, 1915, defendant Reid was driving his automobile in a westerly direction on Grand boulevard in the city of Detroit. As he was approaching Chene street, which crosses the boulevard at nearly right angles, he slowed his car down to nine miles an hour. He made observations to the south and afterwards to the north, but saw no one approaching. His view to the north was obstructed by a building which stood on the northeast corner of the intersection flush with the street line. He proceeded to the street car tracks on Chene street, and just as he was entering on the first track he saw an automobile coming down Chene street at a furious gait. Thinking if he proceeded in a straight line across the tracks he would collide with it, he turned his car sharply to the left, and before he succeeded in stopping it he ran into plaintiff, who was crossing the

boulevard on foot, and injured her. At the trial a verdict was directed in behalf of defendant Rzadkowoloski, who was supposed to have been driving the car referred to. The jury rendered a verdict against defendant Reid, and he assigns error.

It was defendant's position upon the trial that he was suddenly confronted with a great emergency, and that his act in turning to the left was instinctive action upon his part to avoid a threatened injury to himself and family, and therefore he was not liable for the consequences which resulted to plaintiff. To get this defense properly before the jury, counsel requested the court to charge as follows:

"I charge you that, where one does an act instinctively and without opportunity for meditation for the purpose of saving his life or the lives of others, he is not liable for any injuries to third parties that may result from his conduct."

In response to this request, the court charged the jury that:

"Now, as to that claim I say to you that, where the driver of an automobile is compelled to choose between protecting himself and those in his charge against possible injury, he is justified in obeying instincts for self-preservation to take care of himself as well as others, and in doing what he deems best to do and act what he deems best to act, in view of such threatened injury. I might illustrate by simply saying, suppose you are going along in an automobile and are forced by any one to turn to the left instead of to the right, as the law requires, for fear of being run into, yet when going to the left you must be careful of the rights of pedestrians and others who are lawfully in the street. It would not be sufficient excuse or justification to say, 'I was forced to turn to the left or run into something.' While you are turning to the left you must use due care and diligence to bring your car under control so as to prevent the accident itself by reason of your turning out."

Counsel criticize the charge and insist that it is inconsistent with itself and also inconsistent with the law of instinctive action. We are impressed that there is some ground for counsels' criticism in this respect. The court, in the first part of his charge upon this question, gave the law correctly; but in the latter portion thereof he somewhat lessened the effect of his statement by an unfortunate illustration. But we are impressed that this error was without injury to the defendant Reid, because his testimony fairly shows that by his own negligence he put himself in a place of danger. It is shown by his testimony that he was proceeding across the intersection at a speed in violation of the ordinance, that had he looked to the north when he got to the street line he could have seen the car coming down on the other side of the tracks, and that at the rate which he was traveling he could have stopped his car in a distance of 12 feet. Therefore it is obvious that, had he looked when he reached the street line and applied his brakes, he would have stopped his car before he was across the street car tracks. Having established the fact by his own testimony that he placed himself in a position of danger where he was obliged to act without care as to third persons, he was not entitled to any instruction upon the doctrine of instinctive action. *Carpenter* v. *Automobile Co.,* 159 Iowa 52 (140 N. W. 225). The facts in the case cited were very similar to those in the present case, and defendant made a similar request therein. The appellate court, in passing upon the refusal of the trial court to give the request, said:

"These instructions 9 and 10, asked by the defendant, to the effect that if the act complained of by the plaintiff was the result of the excitement and confusion produced in the defendant by sudden and impending peril from an approaching motorcycle and its rider, and that but for this excitement and confusion they would not have driven upon the sidewalk, then the

verdict of the jury must be for the defendants. These instructions ignore too many questions appearing in this record to justify the court in giving them to the jury as a guide. They ignore the thought that, if the excitement and confusion and the sudden and impending peril were produced by their own negligence, it would not serve as a shelter behind which they could hide against the consequences of their act, and the jury might well be led by these instructions into the belief that, no matter how the peril or impending danger arose, no matter how negligent the defendants were in producing such conditions, yet, if they existed and they acted under them, they would be relieved from responsibility. These instructions, though abstractly correct, were liable to mislead the jury as to the rule that should guide them in this case, and were rightly refused."

We find no error assigned which calls for a reversal of the case.

The judgment will be affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.